UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEVON TERRELL ABNEY,

    Plaintiff,                                   No. 19-10019

v.                                             District Judge Laurie J. Michelson
                                                 Magistrate Judge R. Steven Whalen

MICHIGAN DEPT. OF STATE
POLICE, ET AL.,

    Defendants.
_____/

## ORDER

On January 3, 2019, Plaintiff Devon Terrell Abney filed a *pro se* civil complaint under 42 U.S.C. § 1983, alleging a violation of his Fourth and Fourteenth Amendment rights as the result of an improper seizure and excessive force by officers of the Michigan State Police. Report and Recommendation. *Willis v Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

By separate Report and Recommendation, I have recommended that Defendant Michigan State Police be dismissed based on Eleventh Amendment immunity. In a brief in support of his response to the motion to dismiss [Doc. #8], in which Plaintiff agrees that the Michigan State Police is entitled to sovereign immunity, Plaintiff asks for leave to amend his complaint. He has also filed an amended complaint [Doc. #9], which omits the Michigan State Police as a Defendant and clarifies his factual and legal claims against the individual Defendants. I construe the Plaintiff's response brief [Doc. #8] as a motion for leave to file an amended complaint.

-1-

Where, as here, a plaintiff requires leave of the Court to amend his or her complaint, Fed.R.Civ.P. 15(a) provides that "leave shall be freely given when justice so requires." Motions to amend are addressed to the Court's discretion, and in deciding whether to allow an amendment, "the court should consider the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Perkins v. American Electric Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001).

Here, I find not undue delay and no prejudice to the individual Defendants, who have not yet been served. In his amended complaint [Doc. #9], Plaintiff has appropriately omitted the Michigan State Police as a Defendant, and merely clarifies the bases of his original complaint.

Therefore, Plaintiff's motion to amend [Doc. #8] is GRANTED, and the amended complaint [Doc. #9] is accepted for filing.

Given Plaintiff's *pro se* status, I will extend the time for service of the summons and amended complaint on the individual Defendants to April 12, 2019.

IT IS SO ORDERED.

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: February 10, 2019

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on February 10, 2019, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager to the
Honorable R. Steven Whalen
