UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEVON TERRELL ABNEY,

Plaintiff, No. 19-10019

v. District Judge Laurie J. Michelson
Magistrate Judge R. Steven Whalen

ROGER CRAIG, et al.,

Defendants.
_______________________________ /

**REPORT AND RECOMMENDATION**

On January 3, 2019, Plaintiff Devon Terrell Abney filed a *pro se* civil complaint under 42 U.S.C. § 1983, alleging violations of the Fourth and Fourteenth Amendments during the course of his January 10, 2016 traffic stop. Before the Court is Defendant Roger Craig's February 1, 2020 Motion for Summary Judgment [ECF No. 20], which has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, I recommend that Defendant Craig's motion for summary judgment [ECF No. 20] be GRANTED, dismissing claims against this Defendant WITH PREJUDICE. I further recommend that the Court *sua sponte* dismiss Defendant John Beafore WITH PREJUDICE under Fed.R.Civ.P. 12(b)(1).

## I. BACKGROUND FACTS

Plaintiff makes the following allegations. *Amended Complaint,* ECF No. 9. On the evening of January 10, 2016, Plaintiff was driving westbound on Davison St. in Detroit when Defendant Craig, a Michigan State Police Officer and his then-unnamed partner (John Beafore) activated their patrol car's overhead lights, signaling Plaintiff to pull over to the side of the road. *Id.* at ¶ 11. Plaintiff states that at the time of traffic stop, he had not

committed traffic violations and his car did not have vehicle code violations justifying the traffic stop. *Id.* ¶ 9. Plaintiff nonetheless complied with the order to pull over. *Id.* at ¶ 13.

When Plaintiff asked Defendant Craig the reason for the traffic stop, Defendant Craig stated that prior to the stop, Plaintiff had "almost hit" the patrol car. *Id.* at ¶ 14. Defendant Craig and John Beafor then handcuffed Plaintiff while they conducted a "body search" and a search of Plaintiff's car. *Id.* at ¶ 16. Plaintiff alleges that the purpose of Defendant Craig's actions was to punish Plaintiff rather than the protection of the troopers or others. *Id.* at ¶ 17. He states that at no time over the course of stop did he pose a risk of flight, attack the officers, display a weapon, or threaten the officers. *Id.* at ¶ ¶ 19-21. He alleges that as a result of the officers' "unnecessary, unreasonable, and excessive force," he sustained personal injuries. *Id.* at ¶ 29. He asks for monetary damages for physical pain and suffering, mental anguish, severe emotional distress, loss of enjoyment, and "humiliation or mortification." *Id.* at ¶ 34.

## II. STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Entry of summary judgment is appropriate "against a

party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

Once the moving party in a summary judgment motion identifies portions of the record which demonstrate the absence of a genuine dispute over material facts, the opposing party may not then "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact," but must make an affirmative evidentiary showing to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). The non-moving party must identify specific facts in affidavits, depositions or other factual material showing "evidence on which the jury could *reasonably* find for the plaintiff." *Anderson*, 477 U.S. at 252 (emphasis added). If the non-moving party cannot meet that burden, summary judgment is proper. *Celotex Corp.*, 477 U.S. at 322-23.

## III. DISCUSSION

Defendant Craig argues that the traffic stop, handcuffing of Plaintiff, and car search were not unreasonable given the circumstances of the stop. Defendant Craig states that he ordered Plaintiff to pull over because Plaintiff, driving at a high rate of speed, "drove his vehicle by the troopers in the patrol car so closely that his vehicle almost made contact with the patrol car." ECF No. 20, PageID.96 (*citing Defendant's Exhibit A, Affidavit of Roger Craig,* ¶ 7, ECF No. 20-2, PageID.118). Defendant states that upon stopping Plaintiff, he and John Beafore noticed (1) that Plaintiff was "covered in knives," and, (2) that there was a strong odor of marijuana coming from either Plaintiff or the car. *Id.* at PageID 96 (*citing*

*Exhibit A* at ¶¶ 12-13, ECF No. 20-2, PageID.119; *Exhibit B, Affidavit of John Beafore,*¶¶ 12- 13, ECF No. 20-3, PageID.124. Defendant Craig states that for the safety of the troopers, Plaintiff was placed in handcuffs and was told to wait on the shoulder of the road during the car search. *Id., Affidavit of Roger Craig,* ¶ 15, ECF No. 20-2, PageID.116. Defendant Craig states Plaintiff "never complained . . . about the tightness of the handcuffs" and that the search took less than one hour *Id.* at¶¶ 16, 19, PageID 119-120. He states that he "did not find anything illegal" in the car and that Plaintiff was not arrested and did not receive a traffic citation. *Id.* at ¶ 16, PageID 119. Defendant Craig contends that the arguments for dismissal with prejudice also apply to his unserved partner John Beafore. ECF No. 20, PageID.98, fn 1. Alternatively, he argues that Beafore should be dismissed for Plaintiff's failure to serve under Fed. R. Civ. P. 4(m). *Id.* at PageID.98.

In response, Plaintiff contends that the his erratic driving was attributable to the fact that he was swerving to avoid a pot hole. *Plaintiff's Response,* ECF No. 22-1, PageID.173, 208. He states that he "had no weapon and/or contraband." *Id.* at PageID.209. He reiterates that his Fourteenth Amendment due process rights were violated by the stop, handcuffing, and search of his vehicle. *Id.* at PageID.174. He contends that Defendant improperly searched his car without a search warrant. *Id.* at PageID.175 He argues that the alleged odor of marijuana on his person or in his car is not grounds for a car search because marijuana is a "lawful substance" in the State of Michigan. *Id.* Plaintiff disputes that his failure to serve John Beafore mandates dismissal of the claims against the unnamed "John Doe" defendant, arguing in effect, that he was not able to identify Beafore until August 13, 2019 and that under M.C.L. 600.5805, he has three years from that date to serve Beafore. *Id.* at PageID.181.

**A. The Traffic Stop**

As to the initial stop of Plaintiff's car, "[t]he Fourth amendment ... permits an officer who has probable cause to believe that a traffic violation is occurring to detain the automobile, regardless of the officer's subjective motivation for the stop." *United States v. Burton*, 334 F.3d 514, 516 (6th Cir.2003)(*citing Whren v. United States*, 517 U.S. 806, 812–13 (1996). Without more, the observation that Plaintiff nearly drove his car into the patrol car provides grounds for the stop under Michigan law. M.C.L. 257.626 (reckless driving defined as operating a vehicle with "willful or wanton disregard for the safety of persons or property"). Plaintiff concession that he was swerving to avoid a potholes supports Defendant's Craig's subjective perception that Plaintiff was driving recklessly at the time of the traffic stop. ECF No. 22-1, PageID.173, 208.

**B. The Handcuffs**

The Fourth Amendment guarantees the "right to be free of excessive force when police make an arrest or seizure." *Lyons v City of Xenia*, 417 F3d 565, 575 (6th Cir. 2005) "T]his inquiry turns on the objective reasonableness of the officer's conduct in view of the facts and circumstances facing the officer. *Id.* (*quoting Graham v. Connor,* 490 U.S. 386, 394–95 (1989)). "'In making this evaluation, courts look at "[1] the severity of the crime at issue, [2] whether the suspect poses an immediate threat to the safety of the officers or others, and [3] whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Id.*

Handcuffing Plaintiff for the duration of the car search did not violate his Fourth Amendment rights. The Fourth Amendment is not violated by the use of handcuffs "while police conduct[] an investigation." *United States v Atchley*, 474 F3d 840, 845 (6th Cir. 2007)(use of handcuffs permissible as a safety precaution where suspect appeared nervous and lied to officers). Plaintiff does not dispute that before being handcuffed for the duration

of the car search, he appeared to be driving erratically, had at least one knife on his person, and that he and/or his car smelled of marijuana. *Plaintiff's Admission,* ECF No. 20-5, PageID.134 (at least one knife on person at time of stop); *Response,* ECF No. 22-1, PageID.175 (no denial of marijuana smell but that marijuana was a "state lawful substance").[1] While Plaintiff did not appear to be a flight risk, Defendant Craig's reasonable belief that Plaintiff was under the influence of a then-illegal substance, coupled with at least one knife found on his person justifies the use of the handcuffs during the troopers' search of the car. Plaintiff's claim that the use of handcuffs was a *per se* violation of the Fourth Amendment is subject to dismissal as a matter of law.

Likewise, Plaintiff cannot show that the manner in which troopers placed the handcuffs constitutes excessive force. The Sixth Circuit has "directly and unequivocally determined, time and time again, that unduly tight or excessively forceful handcuffing is a clearly established violation of the Fourth Amendment." *Baynes v Cleland*, 799 F3d 600, 613 (6th Cir. 2015)(*citing Martin v. Heideman*, 106 F.3d 1308, 1313 (6th Cir.1997). First, Plaintiff does not dispute the troopers' statements that he did not complain about discomfort at the time of his detainment.[2] ECF No. 20-2, PageID.119, ¶ 16; ECF No. 20-3, PageID.125, ¶ 16; ECF No. 20-6, PageID.146. In further contrast to *Baynes*, given that Plaintiff did not complain of a handcuff-related discomfort at the time of the incident, Defendant Craig

[1]The events in question occurred in January, 2016; the recreational use of marijuana in Michigan was not legalized until 2018. In addition, the Michigan Medical Marijuana Act that was in effect at the time of the stop does not extend to activity occurring in "any public space." M.C.L. § 26427(b)(3)(B). This includes an automobile operated or parked on a public street. *People v. Anthony*, 327 Mich.App. 24, 45, 932 N.W.2d 202, 215 (2019).

[2]In response to an interrogatory asking if Plaintiff told the officers that the handcuffs were too tight, he responded that he "lack[ed] knowledge or information sufficient to form a belief as to their truth." ECF No. 20-6, PageID.146.

cannot have "ignored" the non-existent complaints of pain. *Id.* at 608-609; *see also Hughey v. Easlick*, 2020 WL 4200965, at *3 (ED Mich, July 22, 2020)(Levy, J.)(summary judgment to defendant on excessive force claims where detainee failed to "say anything" at the time about her shoulder being injured as she was being handcuffed). Assuming that Plaintiff's interrogatory response can be construed to state that the twisting of his arms and wrists caused discomfort and nerve damage and that the handcuffs were too tight, he admits that he did not receive medical care as a result. ECF No. 20-6, PageID.146-147; ECF No. 20-5, PageID.137. In summary, Plaintiff did not complain of handcuff-related pain at the time of the handcuffing; the troopers could not have ignored non-existent reports of pain; and Plaintiff did not seek medical treatment for physical injuries stemming from the stop. As such, the claims of excessive force are subject to dismissal.

**C. The Car Search**

The warrantless search of Plaintiff's car also passes constitutional muster. "Reasonable suspicion to perform a traffic stop may ripen into probable cause to search a vehicle based on the officer's interactions with the vehicle's occupants. *United States v Lyons*, 687 F3d 754, 769-770 (6th Cir. 2012). "Under the automobile exception to the warrant requirement, an officer may perform a warrantless search of a detained vehicle should the officer have probable cause to believe the vehicle contains contraband or evidence of criminal activity. *Id.* at 770 (*citing Smith v. Thornburg*, 136 F.3d 1070, 1074-1075 (6th Cir.1998)). "'Probable cause exists when there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v Collazo*, 818 F3d 247, 259 (6th Cir. 2016)(*quoting United States v. Haynes*, 301 F.3d 669, 678 (6th Cir.2002)).

Prior to conducting the car search, the troopers observed Plaintiff driving erratically and smelled the odor of marijuana coming from either Plaintiff or his car, raising a

reasonable suspicion that Plaintiff was driving erratically due to the use of a controlled substance. Aside from the observation that Plaintiff had a knife on his person, the odor of marijuana at the time of the stop, by itself, provides grounds for the car search. *United States v Garza*, 10 F3d 1241, 1246 (6th Cir. 1993)("[W]e find that Agent Perman's smelling the marijuana then constituted probable cause to believe that there was marijuana in the vehicle. Once this probable cause existed, a search warrant was not necessary." *See also People v. Anthony*, 932 N.W.2d at 215 (there was probable cause to search a vehicle where the driver used marijuana on a public street). Notably, Plaintiff refused to state whether he smoked marijuana prior to the traffic stop and does not deny that his car smelled of marijuana at the time of the stop. ECF No. 20-6, PageID.143.

**D. The Due Process Clause of the Fourteenth Amendment.**

Neither trooper's actions violated the Due Process clause of the Fourteenth Amendment. "To state a cognizable substantive due process claim, the plaintiff must allege 'conduct intended to injure in some way unjustifiable by any government interest' and that is 'conscience-shocking 'in nature." *Mitchell v McNeil*, 487 F3d 374, 376-377 (6th Cir 2007)(*quoting County of Sacramento v. Lewis*, 523 U.S. 833, 849, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998). "What seems to be required is an intentional infliction of injury or some other governmental action that is arbitrary in the constitutional sense."*Stemler v City of Florence*, 126 F3d 856, 869 (6th Cir. 1997)(internal citations and punctuation omitted).

By any measure, the undisputed facts of this case do not support Plaintiff's due process claim. The troopers pulled him over after seeing him drive erratically. Upon approaching the car, troopers detected the strong smell of marijuana and observed that Plaintiff was wearing, by his own account, at least one knife. While Plaintiff characterizes being handcuffed by the side of the road as "humiliating," given these factors, his

handcuffing was a reasonable safety measure. The same factors support the search of his car. Plaintiff does not dispute Defendant Craig's statement that the traffic stop and car search took altogether less than one hour. Plaintiff cannot show that the troopers' actions rise to the level of negligence, much recklessness, gross negligence, or intentionality required to show a substantive due process claim.

**E. Qualified Immunity**

Because Plaintiff cannot show a constitutional violation by Defendant Craig or unnamed Defendant Beafore, the claims are also barred by qualified immunity. "Under the doctrine of qualified immunity, 'government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Phillips v. Roane County, Tenn.*, 534 F.3d 531, 538 (6th Cir. 2008)(*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). In determining whether claims are barred by qualified immunity, the courts consider (1) did the defendant violate a constitutional right, and (2) was the right clearly established to the extent that a reasonable person in the defendant's position would know that the conduct complained of was unlawful. *Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). *See also Pearson v. Callahan*, 555 U.S. 223, 129 S.Ct. 808, 812, 172 L.Ed.2d 565 (2009). In the absence of a constitutional violation, the court need not determine whether the rights in question was "clearly established." *Dunigan v. Noble*, 390 F.3d 486, 495 (6th Cir. 2004).

**F. Defendant John Beafore**

Defendant Beafore, who has not been served, was Defendant Craig's partner, and present at the time of the traffic stop and search. Based on the above discussion, the claims

against Beafore are identical to the claims against Craig, and suffer from the same deficiencies.

"[A] district court may, at any time, *sua sponte*, dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). *See also Smith v. Doyle*, 2017 WL 3780047, at *2 (E.D. Mich. July 5, 2017), report and recommendation adopted, 2017 WL 3720454 (E.D. Mich. Aug. 29, 2017)(movant defendants granted summary judgment, non-moving defendant dismissed *sua sponte*).

The claims against Defendant Beafore are without merit, and he should be dismissed *sua sponte*.

## V. CONCLUSION

For these reasons, I recommend that Defendant Craig's motion for summary judgment [ECF No. 20] be GRANTED, dismissing claims against this Defendant WITH PREJUDICE. For the same reasons, I also recommend that the claims against unserved Defendant John Beafore be dismissed WITH PREJUDICE *sua sponte*.

Any objections to this Report and Recommendation must be filed within 14 days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v.*

*Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Any objections must be labeled as "Objection #1," "Objection #2," etc., and any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," *etc.*

s/R. Steven Whalen
R. STEVEN WHALEN
United States Magistrate Judge

Dated: July 31, 2020

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on July 31, 2020 electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager