UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEVON TERRELL ABNEY,

     Plaintiff,

v.

ROGER CRAIG, and
SHIFT PARTNER,

     Defendants.

Case No. 19-10019
Honorable Laurie J. Michelson
Magistrate Judge R. Steven Whalen

## OPINION AND ORDER
## GRANTING CRAIG'S MOTION FOR SUMMARY JUDGMENT [20] AND DISMISSING CASE

On January 10, 2016, around 8:00 p.m., Devon Abney was pulled over by two Michigan State Police troopers, Roger Craig and John Beafore. The troopers ended up handcuffing Abney, searching his car and, in under an hour, letting him go. Years later, Abney sued Craig. He would later add Craig's "Shift Partner" as a defendant. Abney and the troopers recall the events of that winter's night differently. But Abney does not have evidence—as opposed to unsworn statements in briefs—showing that the troopers lacked probable cause to search his car and temporarily detain him or that they used excessive force. So the Court will grant Craig's motion for summary judgment and dismiss this case.

The Court starts with Craig and Beafore's account. According to the troopers, they were driving in Detroit, Michigan when a car drove by "at a high rate of speed." (ECF No. 20, PageID.118, 123.) The car "almost side-swiped" their patrol car and came "very close" to hitting them. (ECF No. 20, PageID.118, 123.) Craig and Beafore thought that the driver was "driving

recklessly," a traffic violation, or was driving under the influence, also a traffic violation. (*Id.* at PageID.118–119, 123.)

So Craig and Beafore pulled the car over. The driver was Abney. According to the troopers, Abney was wearing "a military-style jacket" and was "covered in knives." (ECF No. 20, PageID.119, 124.) Craig and Beafore both recall smelling marijuana. (*Id.* at PageID.119, 124.) The troopers thus decided to search Abney's vehicle for marijuana and directed Abney out of his car. (*Id.* at PageID.119, 124.) Craig says he handcuffed Abney during the search of his car because Abney had "multiple knives" and he wanted to ensure the troopers' safety. (*Id.* at PageID.119.) According to both troopers, Abney never complained about the tightness of the handcuffs. (*Id.* at PageID.119, 125.) Craig and Beafore searched Abney's car, found nothing illegal, and released Abney. (*Id.* at PageID.120, 125.) Abney was neither arrested nor ticketed. (*Id.* at PageID.120, 125.) In all, the stop and search took less than an hour. (*Id.* at PageID.120, 125, 136.)

Abney has a different take on what occurred. According to Abney, the troopers saw him "traveling lawful[ly,] according to [the] speed limit, travel by [their] cruiser[,] avoiding [a] road pot-hole and did not side-swipe[] [their] cruiser or come into contact with [it]." (ECF No. 22, PageID.208.) Abney adds that he did not violate Michigan laws prohibiting reckless driving or driving under the influence (*Id.* at PageID.189) and that he was "traveling responsibl[y,] obeying the law of the land" (*Id.* at PageID.208). Although Abney has not been consistent on the point, he says that he either "did not have [a] weapon" (*Id.* at PageID.191, 209) or that he had only "one lawful knife" (ECF No. 29, PageID.304, 309; *see also* ECF No. 20, PageID.134). Abney also says, again not entirely consistently, that he "did not smell of marijuana" (ECF No. 29, PageID.301, 304, 308) or that the troopers merely "smelled a Michigan lawful odor" (ECF No. 22, PageID.178, 209; ECF No. 29, PageID.300 (noting that marijuana "is and was a medical lawful substance").)

Finally, again not consistently, Abney says that he complained to the officers that his handcuffs were too tight. (*Compare* ECF No. 20, PageID.146, 163–164, *with* ECF No. 22, PageID.194, 210.)

Just shy of three years after the events of January 10, 2016, Abney sued Craig. About a month later, and more than three years after he was pulled over, Abney filed an amended complaint adding Craig's "Shift Partner." (ECF No. 1, 9.) Abney's pro se complaint asserts that the two troopers violated his Fourth Amendment right to be free from unreasonable searches and seizures when they pulled him over, handcuffed him, and searched his car. (*See* ECF No. 9, PageID.33–35.) Abney also claims that the troopers violated his right to be free from excessive force under the Fourth Amendment by handcuffing him too tightly. (*See id.* at PageID.37.) Abney further claims that the stop, handcuffing, and search violated the substantive component of the Due Process Clause. (*See id.* at PageID.36.)

All pretrial matters in this case were referred to Executive Magistrate Judge R. Steven Whalen. In July 2020, he recommended that this Court grant Craig's motion for summary judgment. (Only Craig moved for summary judgment because Beafore has never been formally substituted for "Shift Partner.") The Court waited a full month for objections to Magistrate Judge Whalen's report and recommendation; but none came. So the Court adopted his recommendation to grant Craig summary judgment, to sua sponte dismiss Beafore, and to dismiss the case. (ECF No. 23, PageID.257; ECF No. 24, PageID.260.) The Court closed the case.

Over a month later, the Court received Abney's "motion for reinstatement." (ECF No. 26.) The motion indicated that Abney tried to file objections within the time allowed (it seems that he mailed them to Magistrate Judge Whalen's chambers instead of the Clerk of Court). (*See* ECF No. 26, PageID.271.) In light of the motion, the Court allowed Abney to docket a copy of the objections

that he had tried to file during the objections period. (ECF No. 27, PageID.288.) The Court made clear that Abney was not granted leave to draft new objections. (*Id.*)

Abney has since filed his objections to the Magistrate Judge's report and recommendation. (ECF No. 29.) But because the objections are dated after this Court's order (*see* ECF No. 29, PageID.312), it seems like Abney did not follow this Court's order and instead drafted new objections. Even so, the Court will consider the merits of Abney's objections because doing so will not be prejudicial to Craig or Beafore.

Abney makes numerous objections that, collectively, appear to be a wholesale attack on the Magistrate Judge's report. (*See generally* ECF No. 29.) Because again giving Abney the benefit of the doubt will not prejudice Craig or Beafore, the Court will consider all of Abney's claims anew. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

That means the Court decides whether Craig has "show[n] that there is no genuine dispute as to any material fact" and that he "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Often, this standard can be applied by simply accepting the plaintiff's account of what happened and then asking whether, on those facts, a reasonable jury could find the defendant liable. *See Gohl v. Livonia Pub. Sch. Sch. Dist.*, 836 F.3d 672, 678–79 (6th Cir. 2016).

Here, though, the summary-judgment standard is a bit different. For claims that an officer used excessive force or searched or seized without probable cause, the ultimate questions are for the court: a judge decides whether the officers used reasonable force or had probable cause. *Scott v. Harris*, 550 U.S. 372, 381 n.8 (2007) (providing that once a court has "determined the relevant set of facts and drawn all inferences in favor of the nonmoving party to the extent supportable by the record," the reasonableness of the officer's force "is a pure question of law"); *Gerics v. Trevino*, 974 F.3d 798, 803–06 (6th Cir. 2020) (explaining that the ultimate question of whether probable

cause existed is for the court). But the underlying facts—what the officers did, saw, and heard (and, in this case, smelled)—is for the jury. *See Scott*, 550 U.S. at 378, 380; *Gerics*, 974 F.3d at 805. In this case, the Court can and will assume that a reasonable jury would resolve all *genuinely* disputed facts in Abney's favor because, even under that set of facts, Craig did not violate the Fourth Amendment or the Due Process Clause. (The Court stresses "genuinely" because, as will be explained, Abney disputes some of the trooper's facts but fails to do so with evidence.)

The Court starts with Abney's claim that Craig lacked probable cause to pull him over. In his affidavit, Abney says that he was not speeding, did not violate Michigan driving laws, and "did not side-swipe[] [the] police cruiser or come into contact with [it]." (ECF No. 22, PageID.208.) But Craig and Beafore do not claim that Abney was driving above the speed limit; they aver that Abney drove by them at a "high rate of speed." And the troopers do not claim that Abney actually side-swiped their car; they aver that Abney "almost" side-swiped their car. And even if Abney was, as he says, obeying all traffic laws, the question is what Craig perceived. *See Phillips v. Blair*, 786 F. App'x 519, 527 (6th Cir. 2019) ("The reviewing court must assess probable cause from the perspective of a reasonable officer on the scene." (internal quotation marks omitted)). Abney admits he was attempting to avoid a pothole. (ECF No. 22, PageID.208.) And Craig could reasonably have perceived that attempt as either under-the-influence or reckless driving. So Craig had probable cause for the stop.

And even if Craig lacked probable cause, qualified immunity gives Craig additional breathing room: so long as he made a reasonable mistake in thinking that Abney was recklessly driving or driving under the influence, he cannot be held liable for pulling Abney over. *See D.C. v. Wesby*, 138 S. Ct. 577, 581–82 (2018); *Dolbin v. Miller*, 786 F. App'x 52, 57 (6th Cir. 2019) (deciding whether officers were entitled to qualified immunity "based on their reasonable, but

mistaken, belief that they had probable cause"). More succinctly, Craig only needed arguable probable cause to avoid liability. *See Bell v. Neukirch*, 979 F.3d 594, 607 (8th Cir. 2020); *Mglej v. Gardner*, 974 F.3d 1151, 1164 (10th Cir. 2020) (same); *Alston v. Swarbrick*, 954 F.3d 1312, 1318 (11th Cir. 2020) (same). Abney's avoidance of potholes that brought his car near Craig's suffices to meet this rather forgiving standard.

Next up is the troopers' decision to order Abney out of his car and then search it. In addition to what they had already observed on the road (or, at least, thought they had observed), both Craig and Beafore swear they smelled marijuana when they were talking with Abney. In his briefs, Abney indicates that there was no marijuana odor. But unsworn statements in briefs are not evidence for purposes of summary judgment. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158 n.17 (1970); *McKenny v. United States*, 973 F.3d 1291, 1302 (11th Cir. 2020); *McCullough v. Miller*, 330 F. App'x 330, 332 (3d Cir. 2009). And Abney's affidavit and sworn discovery responses do not say that there was no marijuana odor. (*See* ECF No. 22, PageID.133, 143, 161; ECF No. 22, PageID.209.) Craig's interrogatories, which informed Abney that his responses would be under oath, asked if Abney had "smoked marijuana or been around anyone smoking marijuana at any point on January 10, 2016"; Abney answered that the question was "overbroad," "vague," and "unduly burdensome to respon[d] to." (ECF No. 20, PageID.143; *see also* ECF No. 20, PageID.133, 161.) So Abney has not offered evidence that would create a genuine dispute over whether Craig and Beafore smelled marijuana. Abney also asserts that marijuana was lawful, thus implying that the smell of it could not be probable cause for a search. (See e.g., ECF No. 22, PageID.178, 209.)  But the State of Michigan did not approve marijuana for recreational use until after the incident with the troopers, *see Sinclair v. Bd. of Pharmacy*, No. 349288, 2020 WL 4249151, at *1 (Mich. Ct. App. July 23, 2020), nor did the State approve driving under the

influence, and there is no evidence that Abney required marijuana for medical use. So based on the evidence—as opposed to statements in briefs—every reasonable jury would find that the troopers smelled marijuana. In this Court's view, those facts gave the troopers probable cause for ordering Abney out of his car and for searching it.

But was it lawful for the officers to handcuff Abney while they searched his car? Parts of Abney's briefs indicate that he had no weapon (ECF No. 22, PageID.193), but Abney's written discovery responses say he had one knife (ECF No. 20, PageID.134). Again, statements in briefs are not summary-judgment evidence; so the Court can rely on Abney's sworn admission about having a knife. With that concession, here are the facts: the troopers thought they had seen someone swerve at a high rate of speed, when the troopers approached the car they smelled marijuana and saw a knife in Abney's possession; it was dark; and the troopers were about to conduct a search that would have prevented them from keeping their full attention on Abney. On these facts, the officers could have reasonably believed that handcuffing Abney while they searched the car was necessary for their safety. *See Bennett v. City of Eastpointe*, 410 F.3d 810, 836 (6th Cir. 2005) ("[F]or the use of handcuffs during a *Terry* stop, the Fourth Amendment requires some reasonable belief that the suspect is armed and dangerous or that the restraints are necessary for some other legitimate purpose, evaluated on the facts of each case."); *Houston v. Clark Cty. Sheriff Deputy John Does 1-5*, 174 F.3d 809, 815 (6th Cir. 1999) (providing that the use of handcuffs does not "exceed the bounds of a *Terry* stop, so long as the circumstances warrant that precaution"); *United States v. Smith*, 645 F.3d 998, 1002 (8th Cir. 2011) ("We have repeatedly held that police officers may reasonably handcuff a suspect and place him in a squad car during the course of a *Terry* stop in order to protect their safety and maintain the status quo.").

One Fourth Amendment claim remains: Abney's assertion that the handcuffs were too tight and thus amounted to excessive force. For a handcuffing claim to survive summary judgment, a plaintiff must offer sufficient evidence that "(1) he or she complained the handcuffs were too tight; (2) the officer ignored those complaints; and (3) the plaintiff experienced 'some physical injury' resulting from the handcuffing." *Morrison v. Bd. of Trustees of Green Twp.*, 583 F.3d 394, 401 (6th Cir. 2009). In his affidavit, Abney says he "complained about the tightness of the handcuffs." (ECF No. 22, PageID.210.) And in his discovery responses, Abney says that tight handcuffing caused him injuries, including nerve pain. (ECF No. 20, PageID.147.) That evidence, combined with the fact that no one says that Abney's handcuffs were ever loosened, arguably satisfies the elements of *Morrison*.

The problem for Abney, though, is that the Court should not and will not accept his assertion in his affidavit that he complained about the handcuffs being too tight. Where a plaintiff gives sworn testimony, and the defendant relies on that testimony to move for summary judgment, courts do not allow the plaintiff to contradict the prior sworn testimony through a summary-judgment affidavit. *France v. Lucas*, 836 F.3d 612, 622 (6th Cir. 2016). That rule fits this case. In discovery, Craig twice asked Abney if he ever complained that his handcuffs were too tight (and, again, Craig informed that responses were under oath); Abney twice responded that he lacked knowledge or information to answer Craig's question. (ECF No. 20, PageID.144, 163.) Based on those responses, Craig sought summary judgment on the grounds that Abney "has not alleged that the handcuffs were too tight." (ECF No. 20, PageID.106.) Only after that did Abney file an affidavit saying, "I complained about the tightness of the handcuffs." Abney's twice-made assertion that he lacked information to say whether he complained, coupled with Craig's reliance on that statement to seek summary judgment, means that Abney's statement in his affidavit that

he did complain should be stricken. *See France*, 836 F.3d at 622. And without evidence that he complained, he cannot satisfy an essential element of his excessive-force claim. *See Morrison*, 583 F.3d at 401.

As far as Craig's motion, remaining is Abney's substantive-due-process claims. Because the Fourth Amendment protects against unreasonable searches and seizures, there is no additional substantive-due-process claim. *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998) ("[W]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims."). But even if there is a substantive-due-process claim here, nothing that the officers are alleged to have done was conscience shocking. *See id.* at 849–50 (providing that an officer must be more than negligent to violate the substantive due process clause).

The Court has thus far focused on Craig and not addressed Abney's claims against Craig's "Shift Partner." "Shift Partner" is, of course, Beafore. But just because the Court and the parties know who Abney is referring to, does not mean Beafore is party to this lawsuit. Abney needed to amend his complaint and swap out "Shift Partner" with "John Beafore" and then serve Beafore under Federal Rule of Civil Procedure 4. Abney never did so.

And it is now too late to do so. The statute-of-limitations clock started on January 10, 2016, and naming a Doe or "Shift Partner" did not stop the clock. *See Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996); *Bufalino v. Michigan Bell Tel. Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968). It is now December 2020—well past the three-year limitations period for § 1983 claims filed in Michigan. *Wolfe v. Perry*, 412 F.3d 707, 714 (6th Cir. 2005). And Rule 15(c)(1)(C) is of no help to Abney because Abney did not mistakenly name someone instead of Beafore—he simply did not

know Beafore's identity. *See Rabdeau v. Oakland Cty.*, No. 2:19-CV-10109, 2020 WL 5064376, at *4 (E.D. Mich. Aug. 26, 2020) ("The Sixth Circuit has held that an 'absence of knowledge' does not satisfy the mistake requirement [of Rule 15(c)(1)(C)]." (citing cases)). Abney briefly mentions "tolling," but he has not shown that despite due diligence, he could not discover Beafore's identity before the three-year window closed. (*See* ECF No. 22, PageID.181; ECF No. 29, PageID.311.)

* * *

In sum, the Court GRANTS Abney's motion to reinstate this case (ECF No. 26) and vacates its prior order adopting the report and recommendation and the associated judgment (ECF No. 24, 25). The Court finds that the evidence (as opposed to unsworn statements) does not show that Craig's seizures or searches were unreasonable under the Fourth Amendment and that there is no separate claim under the Due Process Clause. Craig's motion for summary judgment (ECF No. 20) is thus GRANTED. Beafore is not a party to this litigation because he was never served, and it is now too late to make Beafore a party. This case is thus DISMISSED and a new judgment will be entered.

SO ORDERED.

Dated:  December 18, 2020                    s/Laurie J. Michelson
        Detroit, Michigan                    LAURIE J. MICHELSON
                                             United States District Judge

10